(39 Misc. Rep. 95.)

### ARNOT v. HILLS et al.

(Supreme Court, Special Term, New York County. October, 1902.)

1. ACTION TO COMPEL CONVEYANCE—FRAUD—DECEIT—COMPLAINT.

 Plaintiff's complaint alleged an inchoate right of dower in a house about to be sold on foreclosure; that the house was bought by one defendant under an agreement to carry it for plaintiff until she could reimburse him; that the rents that had been collected, and payments plaintiff had made, exceeded the sum for which he had agreed to reconvey the property; that, upon her suing him for specific performance, he caused a mortgage on the house to be foreclosed, and conspired with the other defendant to buy it in the latter's name. *Held* to state a cause of action against both defendants to compel conveyance to the plaintiff, though no valuable consideration for the trust agreement was alleged.

Action by Isabella Arnot against James M Hills and others. Demurrer to complaint by defendant Hills. Overruled.

Joseph McElroy, for plaintiff.
Henry Hartman, for defendant Hills.

SCOTT, J. The defendant Hills demurs to the complaint as not stating facts sufficient to constitute a cause of action. The purpose of the action is to compel a conveyance of certain real estate alleged to have been acquired by the defendant Roberts as trustee for plaintiff, and subsequently, by conspiracy between Roberts and Hills, transferred through a sale in foreclosure to Hills in name, but really to him as the representative and agent of Roberts. Taking the facts stated in the complaint as admitted, Hills is a necessary party to the action, if the action can properly be maintained at all. For, if the plaintiff has a cause of action which would entitle her to a judgment for a conveyance of the property to herself from Roberts, she is certainly entitled to join as defendant Hills, in whom the paper title

is found to be, but who, as she says, took title merely as a cover for Roberts, the trustee, and with knowledge of the relations between Roberts and the plaintiff. The defendant, however, in support of his demurrer, argues that no cause of action is set forth in the complaint against Roberts. The allegations of the complaint, briefly stated, are that plaintiff's husband owned certain houses, including the one in suit, in which plaintiff had an inchoate right of dower, and which were heavily incumbered, and were about to be sold under foreclosure; that the premises were purchased by defendant Roberts pursuant to an agreement whereby he promised to purchase the property in suit for the plaintiff, and carry it in trust for her until he should have been reimbursed the amount expended by him, when he would execute a deed of the property, subject to two mortgages, aggregating $25,000; that while he held the property he should collect the rents, and apply the same to the payment of interest, taxes, etc.; that plaintiff paid him some moneys on account of his disbursements, and that he has collected sufficient rents to repay himself in full, and to pay all taxes, etc., but has refused to convey to the plaintiff as he agreed to do; that plaintiff commenced an action against him to compel him to perform his alleged agreement, whereupon he caused a mortgage upon the property to be foreclosed, and conspired with Hills to buy in the property in his own name, but in fact for Roberts himself. The demurring defendant attacks this alleged trust agreement as being without consideration. It is true that the complaint does not show that there was any consideration, but this fact is not necessarily fatal to the plaintiff's claim, for even a voluntary trust, without consideration, may be enforced if it was in fact fully and completely constituted. Van Cott v. Prentice, 104 N. Y. 45, 10 N. E. 257. Whether this alleged trust was fully and completely constituted can only be determined when the plaintiff's proofs have been produced. She alleges an agreement which the parties were competent to make. Whether or not it was evidenced as required by statute is not stated in the complaint, and was not necessary to state, because all that the plaintiff was required to do was to state the ultimate fact that a trust was created. It was not necessary to plead the evidence of that fact. It may be that the plaintiff will find difficulty in establishing the trust which she alleges, but, accepting her allegations as true, she does state a cause of action against Roberts. Consequently, as already shown, Hills is properly made a defendant. The demurrer is overruled, with costs, with leave to the defendant to withdraw the demurrer and answer the complaint within 20 days upon payment of costs.

Demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer within 20 days upon payment of costs.